**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 22 2007 ★

P.M. _____
TIME A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
:
**CYNTHIA PARDY,**
        Plaintiff,      :    MEMORANDUM & ORDER

v.
:    **No. 06-CV-6801 (JBW)**

**BILL GRAY, et al.,**
:
        Defendants.
:
----------------------------------X

JACK B. WEINSTEIN, Senior District Judge:

I.    Introduction

Plaintiff Cynthia Pardy, filed this lawsuit on December 28, 2006, alleging claims for violation of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 et seq.; retaliation in violation of the Sarbanes-Oxley Act, 18 U.S.C. §1514A; and sexual harassment, presumably under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e, et seq.

On February 21, 2007, defendants, Bill Gray, Shelley Lazarus, Gloria Hall, Cynthia Rivet, Tore Claesson, Barbara Pelham, Zach Nelson (collectively the individual defendants), Ogilvy & Mather Worldwide, Inc. (O& M), International Business Machines Corporation (IBM), Davis & Gilbert LLP (Davis & Gilbert), and Stuart Friedel, filed a motion to dismiss the plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(2), (3) & (6) and Rule 9(b), or alternatively for transfer of venue pursuant to 28 U.S.C. §1406(a).

Defendants' motion to transfer for lack of venue is granted. Defendants' and plaintiff's other motions are not addressed.

II.  Facts

Plaintiff was employed in Manhattan by defendant O & M as a Senior Art Buyer from September 2000 through January 2006. O&M has its principle place of business in Manhattan. During her employment at O& M, plaintiff reported in Manhattan directly to defendants, Gloria Hall and Cynthia Rivet, Co-Managers of the Art Buying Department. In May or June 2005, plaintiff was directed in Manhattan by Gloria Hall to prepare for an assignment for O & M's client IBM, in Bangkok, Thailand.

Plaintiff alleges that while on location in Bangkok defendant Gordon Tan did not pay the supporting talent the amount that was agreed upon in the "Invoice and Production Spending Guidelines" agreed upon by O & M and IBM. She also alleges that Mr. Tan was submitting invoices for location fees in excess of what he had actually paid. When plaintiff allegedly spoke to defendant Tan in regard to her concerns Mr. Tan told plaintiff that he would get her a massage.

In addition, plaintiff alleges that while in Bangkok the O & M employees were required to stay in a "sex hotel." After plaintiff allegedly demanded alternative arrangements some of the staff, including plaintiff, were allowed to stay at an alternative location; defendant Tore Claesson and others did stay at the "sex hotel," thereby forcing the female employees, including plaintiff, to appear at the "sex hotel" to meet with Mr. Claesson and the other employees.

Plaintiff further alleges that after she complained to Tan about the fact that he planned to have the employees hired for the shoot eat in a parking garage he "abandoned [her] and drove off leaving [plaintiff] and two other women to fend for themselves for three hours."

On July 6, 2005, plaintiff allegedly returned to O & M's headquarters in Manhattan and addressed a letter to defendant Gloria Hall outlining her concerns about the shoot in Bangkok.

On July 12, 2005, plaintiff was directed in Manhattan by Gloria Hall to prepare a comprehensive report about the events in Bangkok. After filing the report in Manhattan with Ms. Hall, plaintiff was allegedly asked to attend several meetings with representatives from O& M about the Bangkok shoot, including a meeting on September 8, 2005 in Manhattan with Ms. Hall and an attorney from defendant law firm Davis & Gilbert.

On November 14, 2005, plaintiff was allegedly informed in Manhattan that she did not successfully meet the requirements of a Senior Level Art Buyer. She allegedly was placed on probation for thirty days and given final notice in Manhattan that if her work did not improve she would be terminated.

On December 12, 2005, plaintiff allegedly sent a letter outlining what she referred to as "serious fraud, theft and mismanagement at Ogilvy & Mather" to two officers of O & M, defendants Bill Gray and Shelley Lazarus, as well as to the "WPP Board Members."

On January 11, 2006, plaintiff was fired in Manhattan.

On February 9, 2006, plaintiff allegedly filed a complaint with the Secretary of Labor claiming that defendants WPP and O & M retaliated against her in violation of the Sarbanes-Oxley Act when they placed her on probation on November 14, 2005 and when they subsequently terminated her on January 11, 2006. The Department of Labor (DOL) failed to make a decision regarding plaintiff's complaint within 120 days.

Plaintiff filed this action in the Eastern District of New York on December 28, 2006.

III.   Law

Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. §1406(a) require the dismissal, or transfer in the interest of justice, of a claim where venue is improper. The choice of

dismissal or transfer is within the discretion of the district court. *Minnette v. Time Warner* 997 F.2d 1023, 1026 (2nd Cir. 1993).

"Plaintiff bears the burden of establishing that venue is properly laid in the district in which the complaint was filed." *Universal Marine Medical Supply, Inc. v. Lovecchio,* 8 F.Supp.2d 214, 219 (E.D.N.Y. 1998). Plaintiff must establish venue for each cause of action asserted. Here, plaintiff has asserted claims under the Sarbanes-Oxley Act, the civil RICO statute and Title VII.

The general venue provision for non-diversity actions states:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought *only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred,* or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. §1391(b) (emphasis added).

A defendant that is a corporation is

> deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. *In a State which has more than one judicial district . . . such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State.*

28 U.S.C. §1391 (c) (emphasis added). A partnership is treated as corporation for purposes of section 1391(c). *MacCullum v. New York Yankees P'ship,* 392 F. Supp.2d 259, 262-264 (D. Conn 2005).

The RICO statute contains a special venue provision that permits any civil action brought under it to "be instituted in the district court of the United States for any district *in which [the defendant] resides, is found, has an agent or transacts his affairs.*" 18 U.S.C. §1965(a) (emphasis added). "In other words, a civil RICO action can only be brought in a district court where personal jurisdiction based on minimum contacts is established." *PT United Can Co. Ltd. v. Crown Cork & Seal Co.*, Inc., 138 F.3d 65, 71 (2d Cir. 1998).

"The RICO venue provision is supplemental to the general federal venue provision found in 28 U.S.C. §1391." *Shuman v. Computer Associates International, Inc.*, 762 F.Supp. 114, 116 (E.D.Pa.1991); accord, *Miller Brewing Co. v. Landau*, 616 F.Supp. 1285, 1291 (E.D.Wis.1985). Plaintiff may properly lay venue in accordance with either 18 U.S.C.§1965(a) or 28 U.S.C. §1391.

Title VII also contains a special venue provision, which states that a Title VII action,

> may be brought *in any judicial district in the State in which the unlawful employment practice is alleged to have been committed*, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought *within the judicial district in which the respondent has his principal office.*

42 U.S.C. §2000e-5(f)(3) (emphasis added). The special venue statute contained in Title VII controls venue under the act to the exclusion of the general venue statute. *See Bolar v. Frank*, 938 F.2d 377, 379 (2d Cir 1991).

5

IV. Application of Law to Facts

    A.    Venue under 28 U.S.C. §1391(b).

None of the defendants resides in the Eastern District of New York. Defendants Lazarus, Rivet, Hall, Pelham and Friedel reside in the Southern District of New York. *Cromartie Decl., Exs. A and B*. Defendant Gray resides in Connecticut, defendant Claesson resides in New Jersey and defendant Nelson resides in Rhode Island. *Cromartie Decl., Ex. A*. Based on the allegations in plaintiff's complaint defendant Tan does not reside in the Eastern District of New York. *Compl. p.4, p.7*.

Defendants O&M, IBM, and Davis & Gilbert all have their primary place of business in the Southern District of New York, *Cromartie Decl., Exs. C and D*. Defendant WPP is a foreign corporation with its offices located in the United Kingdom, *Cromartie Decl.* ¶ 6. Plaintiff has alleged no facts which would establish the existence of minimum contacts between these corporate defendants and the Eastern District of New York.

Even assuming that the corporate defendants have sufficient contacts with the Eastern District of New York, --which is not the case--, all the defendants do not reside in the same state, therefore, venue is not proper in the Eastern District of New York based on clause one of 28 U.S.C. §1391(b).

Based on clause two of 28 U.S.C. §1391(b) if venue is to be laid in the Eastern District of New York, it must be based on a finding that "a substantial part of the events or omissions giving rise to the claim occurred" in this district. The events giving rise to plaintiff's claim occurred in the Southern District of New York and Bangkok, Thailand; none occurred in the Eastern District New York.

6

The events surrounding plaintiff's Sarbanes-Oxley retaliation claim occurred in the Southern District of New York. Plaintiff was employed by O&M in its Manhattan office and was given notice of her probation and firing there.

With respect to plaintiff's civil Rico claim the mail and wire fraud events took place either in O&M's Manhattan office or in Bangkok, Thailand where the allegedly fraudulent bills originated.

As to the sexual harassment claims, plaintiff alleges that the events surrounding these incidents occurred on location at a photo shoot in Bangkok, Thailand.

Since a substantial part of the events giving rise to the claims occurred in the Southern District of New York, clause three of 28 U.S.C. §1391(b) is not applicable.

The Eastern District of New York is not the proper venue under 28 U.S.C. §1391(b).

B. Venue under the RICO statute

Plaintiff alleges that the individual defendants along with O&M and Davis & Gilbert committed mail and wire fraud when they allegedly engaged in an ongoing pattern of fraudulent billing in order to defraud IBM. Plaintiff alleges that she was terminated "as part of a cover up of the IBM fraud and the unlawful activities of Hall, Rivet and other defendants."

The plaintiff has failed to show that any of these defendants "resides, is found, has an agent or transacts [their] affairs" in the Eastern District of New York. As already noted, none of these defendants resides in the Eastern District of New York and no facts have been alleged which would establish minimum contacts between any of the defendants involved in the alleged fraudulent billing scheme and the Eastern District of New York.

Under the special venue provision of 18 U.S.C. §1965(a) the Eastern District of New

York is not the proper venue for plaintiff's civil RICO claim.

C. Venue under Title VII

Plaintiff's sexual harassment claim is premised on three alleged incidents (1) Mr. Tan telling plaintiff that he would get her a massage, (2) that defendants Claesson and Tan had employees "stay in a 'sex hotel' in Bangkok" and that after plaintiff and others where moved to new accommodations, "others did stay at the "sex hotel" thereby forcing the female employees, including plaintiff, to appear at the "sex hotel" to meet with Mr. Claesson and the other employees" and (3) defendant Tan "abandoned [plaintiff] and drove off leaving [plaintiff] and two women to fend for themselves for three hours."

The alleged conduct creating the hostile work in environment in this case all occurred in Bangkok, Thailand. The plaintiff has presented no evidence suggesting that the employment records relevant to the alleged unlawful employment practice are maintained or administered in the Eastern District of New York. The plaintiff was employed by defendant O& M in its Manhattan office and defendant O& M has its principal office in Manhattan.

Under the special venue provision for Title VII actions set forth in 42 U.S.C. §2000e-5(f)(3) the Eastern District of New York is not the proper venue for plaintiff's sexual harassment claim.

V. Conclusion

The Eastern District of New York is not a proper venue.

The purpose of section 1406(a) is to remove "whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on their merits." *Bolar v. Frank*, 938 F.2d at 380 (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67,(1962)). Transfer of a

case to the proper venue rather than dismissal generally "will be in the interest of justice because [ ] dismissal of an action that could be brought elsewhere is 'time-consuming and justice-defeating.'" *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir.1990) (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. at 466). Since substantial paper submissions on pending motions have been filed, a dismissal would add considerably to the expense of the litigation, papers would have to be recreated.

The action is transferred to the United States District Court for the Southern District of New York without decision on pending motions.

SO ORDERED.

/s/ Jack B. Weinstein
Jack B. Weinstein
Senior United States District Judge

Dated: Brooklyn, N.Y.
June 21, 2007